ESTHER M. KORNBLUM, Appellant, v. AMELIA SCHELL, Respondent.

(Supreme Court, Appellate Term, Second Department, September Term — Filed December, 1921.)

Landlord and tenant — reasonable rent not an issue unless pleaded by tenant — question of fact — presumption referred to in chapter 944, Laws of 1920, available in summary proceedings — rent greater than preceding year presents prima facie unreasonableness — burden of proof — Civ. Pr. Act, § 1425.

In an action for rent based upon an agreement or in a summary proceeding the landlord need not establish that the rent sued for is reasonable; that is not an issue unless made so by the tenant's pleading, in which event a defense that the rent is unreasonable becomes, under the recent rent legislation, a question of fact.

Under the general provision of section 1425 of the Civil Practice Act, to the effect that a defense or counterclaim may

be set up and established in a summary proceeding " in like manner as though the claim for rent in such proceeding was the subject of an action," the presumption referred to in chapter 944 of the Laws of 1920, that if in an action for rent it appears that the rent sued for is greater than it was one year prior to the making of the agreement under which it is sought to be recovered, the agreement " shall be presumptively unjust, unreasonable and oppressive," is available in a summary proceeding, because it is one of the ways in which the tenant may establish his defense.

While in an action for rent the defendant must plead his defense that the rent claimed is unreasonable, he makes out a *prima facie* case of unreasonableness when the evidence shows that the rent sued for is greater than it was a year before the agreement sued on was made.

In the absence of other proof the presumption referred to in chapter 944 of the Laws of 1920 will support the defense of unreasonable rent; if, however, there is other proof tending to show that the rent sued for is reasonable, an issue of fact is created for the jury which must be instructed that the burden of proving that the rent is unreasonable is upon the defendant.

Where the proof brings into operation the statutory presumption, the landlord, if he would overcome the effect thereof, must offer proof to show that the rent sued for is reasonable.

It *seems,* that in an action for use and occupation the burden of proof as to what is a reasonable charge for rental is upon the landlord and this rule has not been changed by the recent rent legislation.

REARGUMENT of appeal by landlord from a final order of the Municipal Court of the city of New York, borough of Brooklyn, sixth district, in favor of the tenant entered upon the verdict of a jury.

McLeer & Dobson, for appellant.

William C. Casey, Jr., for respondent.

CROPSEY, J. The question that it is sought to have determined upon this reargument relates to the burden of proof in actions and proceedings brought under

the recent rent legislation. There seems to be confusion as to this, which may arise out of the provisions of the recent statutes creating a presumption. In chapter 944 of the Laws of 1920, which relates to an action to recover rent, and which provides that in such an action the tenant may plead that the rent is unreasonable, it is further provided that if it appears that the rent sued for is greater than it was one year prior to the time the agreement was made under which the rent was sought to be recovered, the agreement " shall be presumptively unjust, unreasonable and oppressive." The first question is whether that presumption applies equally in a summary proceeding to recover possession of property. There is no express provision in any of the recent legislation making such a defense applicable in such a proceeding, but there is the general provision of section 2244 of the Civil Code, now section 1425 of the Civil Practice Act, to the effect that a defense or counterclaim may be set up and established in a summary proceeding " in like manner as though the claim for rent in such proceeding was the subject of an action." Under this provision the presumption referred to becomes available in a summary proceeding because it is one of the ways in which the tenant may establish his defense. *Lewine* v. *Weil,* 188 N. Y. Supp. 385.

In an action for rent based upon an agreement or in a summary proceeding the landlord need not establish that the rent sued for or unpaid is reasonable. The reasonableness of the rent is not an issue unless it is made so by the tenant's pleading. If the tenant pleads as a defense that the rent is unreasonable then that becomes a question of fact under the recent legislation. And as the tenant asserts the defense of unreasonableness he must prove it. By virtue of the provision creating the presumption already mentioned the ten-

ant does make out a *prima facie* case of unreasonableness when the evidence shows that the rent sued for or unpaid is greater than it was a year before the agreement sued upon was made.   And if there be no other proof in the case, this presumption will support the tenant's defense.   If, however, there be other proof in the case tending to show that the rent is reasonable, then an issue is created which must be decided by the trier of the facts.   But in such case if the trial be before a jury they must be instructed that the burden of proving that the rent is unreasonable is upon the tenant.   Where the proof brings into operation the presumption, the landlord, if he would overcome the effect of it, must offer proof to show that the rent is reasonable.   And this is all we think was intended by the expressions in *Maitland* v. *Kerrigan,* 187 N. Y. Supp. 495, and *Klamer Realty Corp.* v. *Brill,* 189 id. 92.   But this is not the same as saying the burden of proving the reasonableness of the rent is upon the landlord. That burden is upon the tenant at all times.

The rule, however, would be different if no agreement had been made fixing the amount of the rent and if the landlord sued merely for the reasonable value of the use and occupation.   Then, as it would be a necessary part of the landlord's case to establish what was a reasonable charge for rental, the burden of proving it would be upon him.   This was the rule prior to the enactment of the recent rent legislation and it has not been changed thereby.

Final order should be reversed, with ten dollars costs to appellant to abide the event, and a new trial ordered.

KELBY and LAZANSKY, JJ., concur.

Order reversed.